**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UUSI, LLC D/B/A NARTRON,

                      Plaintiff,

     v.

SAMSUNG ELECTRONICS CO., LTD.;
SAMSUNG ELECTRONICS AMERICA,
INC.,

                  Defendant.

Case No.

Judge:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     NOW COMES Plaintiff UUSI, LLC d/b/a Nartron ("Nartron") for its Complaint for patent infringement against Defendants SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., (collectively, "Samsung" or "Defendants"), and alleges as follows:

**PARTIES**

     1.     UUSI, LLC D/B/A NARTRON is a Michigan limited liability company having a principal place of business at 5000 North US Highway 131, Reed City, Michigan 49677.

     2.     Upon information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a Korean corporation with its principal place of business at 416, Maetan 3-dong, Yeongtong-gu, Suwon-si, Gyeonggi-do 443-742, South Korea. SEC can be served with process by serving in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, in accordance with Fed. R. Civ. P. 4(f).

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

3.     Upon information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  SEA is registered to do business in Michigan and can be served with process by serving The Corporation Company, 30600 Telegraph Rd Ste. 2345, Bingham Farms, MI 48025-5720.

4.     Samsung is a global company that makes and sells tablet computing products. Samsung makes and distributes its products to consumers throughout the United States and, more particularly, in the Western District of Michigan.

**JURISDICTION AND VENUE**

5.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in the Western District of Michigan under 28 U.S.C. §§ 1391 and 1400(b).  A substantial part of the events giving rise to the asserted claims occurred in this judicial district, Samsung transacts business in this judicial district, and Samsung has committed acts of patent infringement in this judicial district.

7.     This Court has personal jurisdiction over Samsung.  Samsung has conducted and continues to conduct business within the State of Michigan.  Samsung, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products and offers its products and services in the United States, the State of Michigan, and the Western District of Michigan.  Samsung has purposefully and voluntarily sold infringing products and performed infringing services with the expectation that

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

-2-

they will be purchased and used by consumers in the Western District of Michigan.  These infringing products and services have been and continue to be purchased and used by consumers in the Western District of Michigan.  Samsung has committed acts of patent infringement within the State of Michigan and, more particularly, within the Western District of Michigan.

8.      Joinder of Defendants in this case is proper under 35 U.S.C. § 299 because Defendants act jointly and collectively to offer for sale, sell, use, and induce the use of infringing computing products and services.  At least some of Nartron's right to relief is joint, several and/or in the alternative against Defendants and is with respect to or arises from the same transaction, occurrence, or series of transactions or occurrences relating to the same accused products, namely the sale or use of infringing tablet products, apparatuses or systems.  Nartron's claims against Defendants share an aggregate of operative facts and common questions of fact will arise in this action, including the design and operation of the accused computing products, Defendants' collective actions in offering for sale, selling and using the accused products, and Defendants' collective actions to induce customers to use the accused products and services.

## NARTRON AND THE PATENT-IN-SUIT

9.      Established in 1968, Nartron is a leading innovator in touchscreen technology. Nartron is credited with inventing the electronic touch screen in 1995.  Nartron's "Smart Touch®" sensing technology, which provided a breakthrough in human interface technology by giving direct access to computer power, such as with highly successful handheld devices and smart phones.

10.     Nartron's experienced product development team has been awarded several hundred patents for exceptional innovation.  Nartron's leadership in innovation was recognized

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

by Inc. Magazine, which named Nartron as one of America's Top 50 Innovators and one of the top 30 firms for leading the technological, industrial, and social movement in the United States that has taken place over the past 30 years. Nartron's patents have important commercial value for its customers by providing intellectual property protection to ensure their increasing market share.

11.     Nartron's patent at issue in this case is U.S. Patent No. 5,796,183 ("the '183 patent").  On August 18, 1998, the United States Patent and Trademark Office ("PTO") duly and lawfully issued the '183 patent, titled "Capacitive Responsive Electronic Switching Circuit."  On April 29, 2013, the PTO duly and lawfully issued a first Reexamination Certificate for the '183 patent (U.S. Patent No. 5,796,183 C1).  On June 27, 2014, the PTO duly and lawfully issued a second Reexamination Certificate for the '183 patent (U.S. Patent No. 5,796,183 C2).  A copy of the '183 patent, including both Reexamination Certificates, is attached as Exhibit A and incorporated into this complaint by reference.

12.     UUSI, LLC is the owner and assignee of all right, title and interest in and to the '183 Patent.  Doing business as Nartron, UUSI holds the right to sue and recover damages for infringement thereof, including past damages.

13.     The '183 patent describes and claims a capacitive response electronic switching circuit.  Capacitive response electronic switching circuits are implemented on touchscreen devices, such as touchscreen smart phones and tablets.  The particular capacitive response electronic switching circuit claimed in the '183 patent has novel features that results in an improvement to touchscreens, particularly in mobile devices.  Specifically, in the invention, a microcontroller takes a periodic signal from an oscillator with a pre-defined frequency, and

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

selectively provides a signal output frequency to each row of input touch terminals.  These input touch terminals define adjacent areas on a substrate for a user to provide inputs by proximity and touch.  When touched by an operator, a detector circuit responds to signals from the oscillator through the microcontroller and the presence of a user's body capacitance to ground to provide a control output signal.  The input and output frequencies are selected to such that the change in impedance caused by the user's touch differs from any change in impedance that may create an electrical path caused by contaminates on the substrate.

**SAMSUNG'S INFRINGEMENT OF THE PATENT-IN-SUIT**

14.     On information and belief, Samsung 8 inch, 10 inch, and 12 inch tablet products made or sold in the United States, including at least Samsung Galaxy Tab S 8.4 inch, Samsung Galaxy Tab 4 8.0 inch, Samsung Galaxy Tab S 8.4 inch, Samsung Galaxy Note 8.0 inch, Samsung Galaxy Tab S 10.5 inch, Samsung Galaxy Tab 4 10.1 inch, Samsung Galaxy Note 10.1 inch, Samsung Galaxy Tab 4 NOOK 10.1 inch, Samsung Galaxy Tab 2 10.1 inch, and Samsung Galaxy Note Pro 12.2 inch (collectively, "the accused Samsung tablet products"), practice each limitation of claims of U.S. Patent No. 5,796,183 C1 and U.S. Patent No. 5,796,183 C2.

15.     On information and belief, the accused Samsung tablet products use either the Melfas-200 or Atmel MXT1168 touchscreen controller.  The touchscreen controller, among other things, takes a periodic signal from an oscillator with a pre-defined frequency, and selectively provides a signal output frequency to each row of input touch terminals.  On the touchscreen, the input touch terminals define adjacent areas on a substrate for a user to provide inputs.  When touched by an operator, a detector circuit within the accused Samsung tablet products responds to signals from the oscillator through the touchscreen controller and the presence of a user's body capacitance to ground to provide a control output signal.  The accused

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

Samsung tablet products use input and output frequencies such that the change in impedance caused by the user's touch differs from any change in impedance that may create an electrical path caused by contaminates on the substrate.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,796,183 C1 AND C2

16.     Nartron incorporates herein by reference the allegations set forth in paragraphs 1-15 of this Complaint as though fully set forth herein.

17.     Nartron is informed and believes, and thereon alleges, that Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '183 patent by making, using, selling, offering to sell and/or importing products, including but not limited to the accused Samsung tablet products.

18.     Nartron is informed and believes, and thereon alleges, that Samsung also has and continues to indirectly infringe the '183 patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its products in this judicial district and elsewhere in the United States.  Specifically, Nartron is informed and believes, and thereon alleges, that Samsung has actively induced and continues to induce the infringement of the '183 patent at least by actively inducing the infringing use of its products by third party users in the United States.  Nartron is informed and believes, and thereon alleges, that Samsung knew or should have known that its conduct would induce others to use its accused tablet products in a manner that infringes the '183 patent.  Nartron is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '183 patent in violation of 35 U.S.C. § 271(a) by using the infringing products.  Nartron is informed and believes, and thereon alleges,

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

that Samsung through at least its website at http://www.Samsung.com, its online user manuals, marketing materials and help materials actively induced its customers to infringe the '183 patent.

19.    Nartron is informed and believes, and thereon alleges, that Samsung has contributorily infringed and continues to contributorily infringe the '183 patent by importing, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use.  Nartron is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '183 Patent in violation of 35 U.S.C. § 271(a) by using the infringing products.

20.    Upon information and belief, Samsung has written notice of its infringement at least by virtue of the filing and service of this Complaint.

21.    Nartron has suffered damages as a result of Samsung's infringement of the '183 patent in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Nartron prays for judgment as follows:

A.    In favor of Nartron that Samsung has infringed the '183 patent;

B.    Requiring Samsung to pay Nartron's actual damages;

C.    Requiring Samsung to pay to Nartron supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, together with an accounting as needed;

D.    Requiring Samsung to pay to Nartron pre-judgment and post-judgment interest on the damages awarded at the maximum rate provided by law;

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

E.     Requiring Samsung to pay to Nartron all costs of this action;

F.     Requiring Samsung to pay attorneys' fees under 35 U.S.C. § 285;

G.     Enjoining Samsung, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them from further infringement of the Patent-in-Suit as described in this action;

H.     In the event a final injunction is not awarded, awarding a compulsory ongoing royalty; and

I.     Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Nartron hereby demands a jury for all issues so triable.

Respectfully submitted,

.                                              SMITH HAUGHEY RICE & ROEGGE

Dated: February 13, 2015                      /s/   D. Adam Tountas
                                              By:  D. Adam Tountas (P68579)
                                                    Sheila E. Eddy (P76395)

                                              Counsel for Plaintiff UUSI, LLC

D. Adam Tountas
dtountas@shrr.com
Sheila E. Eddy
seddy@shrr.com
SMITH HAUGHEY RICE & ROEGGE
100 Monroe Center NW
Grand Rapids, MI 49503-2802
Phone: 616-774-8000
Fax: 616-774-2461

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

Roderick G. Dorman (*admission forthcoming*)
RDorman@McKoolSmith.com
Lawrence M. Hadley (*admission forthcoming*)
LHadley@McKoolSmith.com
**MᴄKᴏᴏʟ Sᴍɪᴛʜ, P.C.**
865 South Figueroa Street Suite 2900
Los Angeles, CA 90017
Telephone: (213) 694-1200
Telecopier: (213) 694-1234