IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UUSI, LLC D/B/A NARTRON,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 1:15-cv-00146-PLM<br><br>Judge Paul L. Maloney<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

**DEFENDANTS' MOTION TO SUBMIT ADDITIONAL EVIDENCE
IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF
<u>SUBJECT MATTER JURISDICTION AND FOR OTHER RELIEF</u>**

**INTRODUCTION**

Plaintiff UUSI, LLC ("UUSI") alleges in this case that Defendants Samsung Electronics Co., Ltd. and Samsung Electronics of America, Inc. (collectively "Samsung") infringe a single patent, U.S. Patent No. 5,796,183 (the "'183 patent"). *See generally* ECF No. 1 (PageID.1). After the case was filed in 2015, it was stayed between 2016 and 2023 during the pendency of several administrative proceedings challenging the validity of the '183 patent and related appeals. *See* ECF No. 62 (PageID.701) (staying case); ECF No. 87 (PageID.976) (lifting stay). Of the 25 claims of the '183 patent that UUSI had asserted, ECF No. 36 at 1 (PageID.178), only claims 38 and 39 survived those proceedings, ECF No. 86 at 2 (PageID.974). The parties have completed fact and expert discovery since the stay was lifted.

Shortly after the close of fact discovery, on August 14, 2024, Samsung moved to dismiss this case for lack of standing and thus, lack of subject matter jurisdiction. The motion was premised on documents produced during discovery that undercut UUSI's asserted basis for standing alleged in the Complaint, and revealed that UUSI does not in fact own the '183 patent. *See* ECF No. 160 (PageID.1770); ECF No. 161 at 1–3 (PageID.1775–77) (hereafter the "Motion"). For the reasons explained in Samsung's briefing, the '183 patent instead belongs partly to a separate entity formerly known as Nartron Corporation ("Nartron"), and partly to Norman Rautiola, the principal of UUSI and Nartron, in his individual capacity. ECF No. 161 at 1–3 (PageID.1775–77). This is not an issue that can be fixed retroactively. If granted, the Motion would dispose of this case in its entirety and moot other unresolved and pending issues such as claim construction, *see* ECF No. 104 (PageID.1190), and summary judgment.[1]

Since the Motion was briefed, Samsung has received new evidence undercutting documents and several sworn declarations that UUSI submitted in opposition to the Motion. For the reasons that follow, Samsung respectfully requests that the Court consider the new evidence Samsung has received and that the Court strike or discount UUSI's evidence as a result.

### SAMSUNG'S MOTION AND THE RAUTIOLA DECLARATIONS

In its opposition to Samsung's Motion, UUSI admitted that its previously asserted basis for standing was inaccurate. UUSI instead tried to establish standing, in part, by piecing together an entirely new argument about the intent behind various transactions that occurred in 2008. ECF

---

[1] ECF No. 168 (PageID.2258) (certificate of service for Samsung's motion for summary judgment and brief in support); ECF No. 169 (PageID.2261) (certificate of service for UUSI's motion for partial summary judgment and brief in support). The case was assigned to Judge Janet T. Neff when the parties' summary judgment motions were due. Pursuant to Section III.A.3 of Judge Neff's Information and Guidelines for Civil Practice, the parties are currently serving their summary judgment briefing, and will file their motion papers through ECF when the motion is fully briefed later this month.

No. 162 at 1–4 (PageID.1978–81). Because the contracts at issue are unambiguous, such intent evidence is irrelevant. *See, e.g.*, ECF No. 163 at 2–3 (PageID.2142–43). However, in making such arguments, UUSI relied heavily on a declaration from Mr. Rautiola (the "Rautiola Declaration"). *Id.*; ECF No. 162-1 (PageID.1999). Without leave of Court, UUSI subsequently filed two versions of a "Corrected Declaration" from Mr. Rautiola (the "Corrected Rautiola Declaration") with additional unproduced documents that apparently are intended to support UUSI's arguments. ECF No. 170 (PageID.2264); ECF No. 172 (PageID.2270).

Notably, the Corrected Rautiola Declaration admits that an exhibit to the original Rautiola Declaration, which UUSI presented as a single document in an attempt to corroborate UUSI's litigation position, in fact was fabricated by taking portions of two separate documents and splicing them together to seem like a single document, ECF No. 172 at ¶¶ 2–4 (PageID.2271–73)—just as Samsung had surmised, *see* ECF No. 163 at 10 (PageID.2150). Taken in the best light, this proves Mr. Rautiola's memory (and therefore his Declarations) cannot be trusted. But Samsung again notes that this conduct fits a disturbing pattern of similarly untrustworthy litigation conduct by Mr. Rautiola and his companies over a period of many years. *Id.* at 8 & n.3 (PageID.2148).

Samsung has recently received new evidence further suggesting that the Court should disregard the Rautiola Declaration and the Corrected Rautiola Declaration entirely. Specifically, on August 28, 2024, after UUSI submitted the Rautiola Declaration in this case, Mr. Rautiola was deposed in a co-pending case, *UUSI, LLC v. Apple, Inc.*, Case No. 3:18-cv-04637-JD (N.D. Cal.). The relevant excerpts of that deposition transcript are attached here as **Exhibit 1**. At that deposition, Mr. Rautiola was asked to authenticate the Rautiola Declaration from this case. Mr. Rautiola testified under oath that he did not recognize the Declaration—which he had signed less than a month before his deposition—and that his attorneys had written it in its entirety. *See* Ex. 1

3

at 151:3–11 (testifying that he "never wrote" the Rautiola Declaration, and that "[l]awyers prepared that declaration . . . for [him]"), 173:23–174:19 (testifying that he did not "recognize this declaration" even after being told what it was).

Furthermore, the Rautiola Declaration included specific alleged details about various purported asset transfer transactions that Mr. Rautiola supposedly initiated in 2008. ECF No. 162-1 at ¶¶ 12–23 (PageID.2002–06).  But, when asked if he recognized one of the asset transfer agreements discussed in the Declaration, Mr. Rautiola testified:

> I will -- I will take the time to read it, but, no, do I -- do I remember this? Of course not. This goes back to 2008. And it's 2024 right now -- 16 years ago. As I -- as I review this, it makes me recall this document and why it was repaired (sic) by one of my lawyers to secure my approval and signature to move forward.

Ex. 1 at 145:15–21. When asked what he intended to "move forward with," Mr. Rautiola answered that he did not recall. *Id.* at 145:22–25. And, although the Rautiola Declaration purported to explain in detail his reasoning for undertaking certain of these transactions in 2008, ECF No. 162-1 at ¶ 16 (PageID.2003), at his deposition Mr. Rautiola did not remember that reasoning, or even the mere fact that, just a few weeks prior, he had submitted a declaration discussing it at length, Ex. 1 at 146:24–147:3. Despite his poor recollection, weeks later UUSI submitted the Corrected Rautiola Declaration, purportedly containing further testimony from Mr. Rautiola regarding various other alleged assignments executed in 2008. ECF No. 172, ¶¶ 2, 6 (PageID.2271–73).

Separately, the Rautiola Declaration states that two April 14, 2010, assignments from co-inventors John Washeleski and Stephen Cooper, which listed Nartron Corporation (which is not a party to this case) as the assignee of their interest in the '183 patent, were in fact intended to transfer the '183 patent to UUSI, not to Nartron Corporation, counter to the plain language of the assignments. ECF No. 162-1 at ¶¶ 29–32 (PageID.2007–09). UUSI makes the same argument—that the Court should ignore the plain language of the assignment and interpret it to assign the '183

4

patent to UUSI—in its opposition to Samsung's motion. ECF No. 162 at 16–17 (PageID.1993–94). However, just two days after arguing in this case that the assignee was intended to be **UUSI**, UUSI served discovery responses in the *UUSI v. Apple* litigation, the relevant portions of which are attached here as **Exhibit 2**, averring that these very same assignments transferred the '183 patent to non-party **Nartron Corporation**. Ex. 2 at 3–4. UUSI did not supplement these responses before fact discovery closed in the *UUSI v. Apple* litigation in September.

## ARGUMENT

Samsung respectfully requests that the Court consider this newly discovered evidence at Exhibits 1 and 2 in connection with Samsung's Motion to Dismiss at ECF No. 160 (PageID.1770). Samsung further requests that, in light of this evidence, the Court strike or discount the Rautiola Declaration, ECF No. 162-1 (PageID.1998), and the Corrected Rautiola Declaration, ECF No. 170 (PageID.2264); ECF No. 172 (PageID.2270), in their entirety.

Questions of whether to allow the submission of additional evidence are resolved in the sound discretion of the District Court. *Joseph v. Shamrock Coal Co.*, 125 F.3d 855, 1997 WL 618797, at *2 (6th Cir. 1997) (Table; text in Westlaw) (addressing court discretion to allow or deny supplemental briefing with additional evidence); *see also Deal v. Hamilton Cty. Bd. of Educ.*, 392 F.3d 840, 850 (6th Cir. 2004) (Sixth Circuit "has taken an expansive view of the scope of additional evidence that may supplement the administrative record"); *Setzer v. First Choice Lending Servs., LLC,* 2018 WL 7500477, at *2 (6th Cir. Sept. 10, 2018) (decision to strike materials in record is reviewed for abuse of discretion (citing *Loggins v. Franklin County*, 218 F. App'x 466, 478–79 (6th Cir. 2007))). In sum, if this Court determines that it was improper for UUSI to file and rely on Declarations that piece together disparate documents and present them as one, or that describe facts and circumstances that the declarant cannot recall, or that take a position

5

that is completely counter to that party's sworn position in a related case, it has the discretion to strike or disregard those Declarations.

The effect of all this is that UUSI must live with the actual words in the assignment documents that it relies on to argue that it has standing and that it owns the '183 patent. UUSI should not be allowed to submit—or this Court should not rely on—Declarations that contradict the plain language of the documents in question. Pursuant to Local Rule 7.1(e), Samsung respectfully requests expedited consideration of this motion, because the evidentiary issues raised in this motion are pertinent to Samsung's pending Motion to Dismiss.

## **CONCLUSION**

For the reasons herein, Samsung respectfully requests that this Court strike or discount the Declarations at ECF No. 162-1 (PageID.1998), ECF No. 170 (PageID.2264), and ECF No. 172 (PageID.2270). Samsung requests any additional relief this Court may deem just under the circumstances.

| | |
|---|---|
| DATED:  October 16, 2024 | <u>/s/ Jared A. Roberts</u> |

                                          Jared A. Roberts (P-55182)
FRASER TREBILCOCK, Et Al.
124 W. Allegan, Suite 1000
Lansing, Michigan 48933
(517) 482-5800
jroberts@fraserlawfirm.com


<u>/s/ Daniel P. Shanahan</u>

Daniel P. Shanahan
Adam D. Harber
D. Shayon Ghosh
Samuel Ford
Chase Harris
WILLIAMS & CONNOLLY LLP
680 Maine Ave. S.W.
Washington, DC 20024
(202) 434-5000

*Attorneys for Defendants and Counterclaim Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UUSI, LLC D/B/A NARTRON,<br><br>  Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>  Defendants and Counterclaim Plaintiffs. | Case No. 1:15-cv-00146- PLM-SJB<br><br>Judge Paul L. Maloney |

## SAMSUNG'S CERTIFICATE OF COMPLIANCE
## PURSUANT TO L.R. 7.3(b)(ii)

The undersigned counsel certifies, on behalf of Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") that the above Motion to Submit Additional Evidence and for Other Relief was prepared using a contemporary and updated version of Microsoft Word and that, pursuant to the word count feature in that program, contains 1,680 words, being well below the 4,300 word limit for non-dispositive motions.

Dated: October 16, 2024

                */s/ Daniel P. Shanahan*
                Daniel P. Shanahan
                WILLIAMS & CONNOLLY LLP
                680 Maine Ave. S.W.
                Washington, DC 20024
                Telephone: (202) 434-5000
                Email: DShanahan@wc.com

                *Counsel for Defendants*